UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
PETER RICHARD ANTHONY SIMPSON,

                            Plaintiff,

-against-

SILVIA MEJIA-JOHNSON and MARQUEZ
TRUCKING, INC,

                            Defendants.
---------------------------------------------------------------x

Case No.:

**NOTICE OF REMOVAL**

Index No.: 814218/2021E

State of New York    )
County of Westchester  )  ss:

**MARJORIE JULES,** an attorney admitted to practice law before the Courts of the State of New York and admitted to practice before the Southern and Eastern District Courts of New York, hereby states the following under the penalty of perjury: I am an associate with the **LAW OFFICE OF BRIAN RAYHILL** which has been assigned the defense of defendants, **SILVIA MEJIA-JOHNSON and MARQUEZ TRUCKING, INC.** I make this Notice of Removal based upon my review of our file and discussions had with my clients. The information in this document is based upon my own knowledge or, if from others, upon information and belief.

Defendants, **SILVIA MEJIA-JOHNSON and MARQUEZ TRUCKING, INC.,** hereby remove case number **814218/2021E**, from Bronx County Supreme Court to the United States District Court for the Southern District of New York, pursuant to 28 USC 1332, 1441 and 1442.

## STATEMENT OF THE CASE

1.  On October 19, 2021, Plaintiff filed a Summons and Complaint in Supreme Court, Bronx County, New York, entitled "**PETER RICHARD ANTHONY SIMPSON**, Plaintiff, against **SILVIA MEJIA-JOHNSON and MARQUEZ TRUCKING, INC.**, Defendants" with Index Number **814218/2021E**,. A copy of the Summons and Complaint is annexed hereto as **Exhibit "A"**. In pertinent part, the Complaint alleges that Plaintiff, **PETER RICHARD ANTHONY SIMPSON**, was and still is a resident of the County of Queens, State of New York, (in paragraph 1). Allegations in paragraph 3 of the Complaint, alleges defendant **MARQUEZ TRUCKING, INC**, (hereinafter **MARQUEZ**) was a foreign corporation, organized and existing under and by virtue of the laws of the State of Georgia, with its principal place of business situated in the County of Hall within the State of Georgia. The Complaint alleges that defendant, **MARQUEZ** was the owner of a motor vehicle bearing Georgia State license plate number IC2E11 (in paragraphs 5 and 6). In paragraph 2 of said complaint, it alleges that defendant, **SILVIA MEJIA-JOHNSON** was and still is a resident of the County of Clayton, in the State of Georgia. It also alleges, in paragraphs 13 and 16, that defendant, **SILVIA MEJIA-JOHNSON**, was the operator of the same vehicle and was operating same with the permission and consent of **MARQUEZ** (see, paragraphs 13, 16, and 17) while in the course of her employment and within her employment with **MARQUEZ**, paragraph 18. The complaint alleges that there was an accident on the Throgs Neck Expressway (Interstate 695), southbound, at or near Dewey Avenue, in the County of Bronx on November 8, 2018, between the aforesaid **MARQUEZ** vehicle and a vehicle, bearing New Jersey State Registration plate number 235743R, which plaintiff, **PETER RICHARD ANTHONY SIMPSON**, was operating, but owned by Paramus World Motors, LLC (not a party to the action), (paragraphs 19-21), and that the accident was

allegedly due to the negligence of the defendants, (paragraphs 25-26). Plaintiff is claiming injuries as a result of the accident, (paragraphs 27-29).

2.  These allegations were materially denied via an Answer, annexed hereto as **Exhibit "B"**, which was served with discovery demands, including a demand for a Bill of Particulars ( a copy of which is annexed as **Exhibit "C"**).

3.  No specific monetary damages were stated in the Complaint. Pursuant to New York's CPLR 3017(c) a complaint "Shall not state the amount of damages to which the pleader deems himself entitled". However, the responding party has the right to demand the amount of damages, which was done in the written discovery demands, which are annexed hereto as **Exhibit "C"**, which were served with the Answer. Contained within the written discovery demand was a specific demand for the *ad damnum.*

4.  On August 25, 2022, defense counsel received discovery responses from Plaintiff's counsel, which are annexed hereto as **Exhibit "D."** In his response to the demand for an *ad damnum* Plaintiff alleges that the amount of damages he is seeking is $5 million. Also received on the same date was a Verified Bill of Particulars which is annexed hereto as **Exhibit "E"**. In the Verified Bill of Particulars, plaintiff alleges that due to the accident he sustained, *inter alia,* the following injuries,:

**RIGHT KNEE**:
- PARTIAL TEAR OF THE POSTERIOR MEDIAL MENISCOCAPSULAR JUNCTION;
- OBLIQUE TEAR OF THE POSTERIOR HORN AND BODY SEGMENT OF THE MEDIAL MENISCUS;
- MEDIAL COLLATERAL LIGAMENT (MCL) SPRAIN SEQUELA;
- PATELLOFEMORAL COMPARTMENT CHONDRAL LOSS;
- TRAUMATIC INTERNAL DERANGEMENT;

**RIGHT SHOULDER:**
- PARTIAL THICKNESS BURSAL SIDED SUPRASPINATUS TENDON TEAR MEASURING 11 MM;

- INSERTIONAL CUFF TENDINITIS;
- ACROMIOCLAVICULAR (AC) JOINT SPRAIN SEQUELA;
- IMPINGEMENT SYNDROME;
- TRAUMATIC INTERNAL DERANGEMENT;

**LUMBAR SPINE:**
- L5-Sl POSTERIOR ANNULAR TEAR WITH A FOCAL CENTRAL DISC HERNIATION;
- L3-L4, L4-5 BULGING DISC INDENTING THE THECAL SAC AND ENCROACHING UPON THE BILATERAL EXITING NERVE ROOTS;

**CERVICAL SPINE:**
- C3-C4, C4-C5, C5-6 DISC HERNIATIONS;
- C2-C3 BULGING DISC INDENTING THE THECAL SAC;
- C5-C6 CERVICAL RADICULOPATHY;

**OTHER:**
- POST-TRAUMATIC STRESS DISORDER;
- NERVOUSNESS; and
- ANXIETY.

5. Annexed hereto as **Exhibit "H"** is a copy of the police report, which lists the address of Defendant **SILVIA MEJIA-JOHNSON** as 900 Talley Street, Hampton, Georgia. Also, per the Summons and Complaint, (**Exhibit "A"**) and Plaintiff's Bill of Particulars (**Exhibit "E" ¶ 23**), Plaintiff is a resident of Queens County, State of New York and resides at 243-11 144th Avenue, Rosedale, NY 11422. The police report does not list the address for **MARQUEZ**, however the Complaint and Ms. Marquez's Affidavit, **Exhibit "F,"** the owner of **MARQUEZ TRUCKING, INC.**, lists the location for this entity's business address as being 4219 Sprue Trail, Gainesville, Georgia, 30504. (See, **Exhibit "F"**).

6. Annexed as **Exhibit "F"** is the affidavit of **Raquel Marquez,** the owner and of **MARQUEZ TRUCKING, INC.**, the registered owner of the subject vehicle, bearing Georgia State license plate number IC2E11. In her affidavit, she avers that she is the 100% owner of **MARQUEZ TRUCKING, INC** and that she is a resident of the state of Georgia and resides at

4219 Sprue Trail, Gainesville, Georgia, 30504, which is her residence and the address for **MARQUEZ TRUCKING, INC**. At the time of the filing of the summons and complaint, she was and remains a resident of Georgia, and the **MARQUEZ** company was and remains a resident of Georgia and the driver, defendant **SILVIA MEJIA-JOHNSON**, was and is a resident of Georgia. Annexed as **Exhibit "F"** is the affidavit of Raquel Marquez for **MARQUEZ** that she and her company were and continue to be, at all relevant times, a resident/company of Georgia.

7.      Annexed as **Exhibit "G"** is the affidavit of **SILVIA MEJIA-JOHNSON**, the driver of the subject truck involved in this accident, but owned by and registered to **MARQUEZ TRUCKING, INC**. In her Affidavit, she avers that she was the driver of the truck owned by **MARQUEZ TRUCKING, INC** and that she was driving its truck with the permission and consent of **MARQUEZ TRUCKING, INC** and while she was in the course of her employment with **MARQUEZ TRUCKING, INC**. She further avers that she is a resident of the State of Georgia and resides at 900 Talley Street, Hampton, Georgia, 30228. At the time of the filing of the summons and complaint, she was and remains a resident of Georgia. Annexed as **Exhibit "G"** is the affidavit of **SILVIA MEJIA-JOHNSON** that she was and is, at all relevant times, a resident of Georgia.

## DIVERSITY JURISDICTION UNDER 28 USC SECTION 1332 (a)

8.      This Court has jurisdiction over this matter because there is complete diversity of citizenship between plaintiff who allegedly resides in New York at 243-11 144th Avenue, Rosedale, NY 11422, as per the Summons and Complaint as well as his Bill of Particulars; copies of which are annexed hereto as **Exhibits "A" and "E"**, respectively, and defendants, who have

their primary residence in Georgia at 4219 Sprue Trail, Gainesville, Georgia, 30504 (for **MARQUEZ,** the owner of the subject defendant vehicle) and as 900 Talley Street, Hampton, Georgia, 30228, (for **SILVIA MEJIA-JOHNSON,** the driver of the subject defendant vehicle) **Exhibits "F" and G,** respectively. The Summons, annexed hereto as **Exhibit "A"**, also recites that all the defendants reside in Georgia.

9. Upon information and belief, a copy of the affidavits for service of process effectuated on both defendants are annexed hereto as **Exhibit "I."**

10. Defendants are required to remove an action to Federal Court under diversity jurisdiction within 30 days after receipt of pleadings from which it can be "intelligently ascertained" that the amount in controversy exceeds $75,000 according to the holding in *Whitaker v. American Telecasting Inc.,* 261 F.3d 196 (2nd Cir. 2001). In this matter, the Bill of Particulars, **Exhibit "E",** is the first pleading from which it can be "intelligently ascertained" that the amount in controversy exceeds $75,000. Since the Bill of Particulars was served on or about August 25, 2022, this Notice of Removal, made within 30 days thereafter, is timely pursuant to Section 1446 (b)(3).

11. Removal is therefore timely in accordance with 28 U.S.C. Section 1446 (b). Venue is proper in this Court, pursuant to 28 USC sections 1441 (a) and 1446 (a) because the U.S. District Court for the Southern District of New York is the Federal judicial district embracing the Supreme Court for Bronx County of the State of New York, where the State Court Action was originally filed.

12. Pursuant to 28 USC Section 1446 (a) and Local Rules, a true and correct copy of all of the process, pleadings, orders, and documents from the State Court Action which have been served upon defendants are being filed with, or immediately after, this Notice of Removal.

Counsel for defendants will file true and legible copies of all of the documents on file in the State Court Action, as well as a certification pursuant to Local Rules, within 30 days of the filing of this Notice of Removal.

13. The only basis upon which it can be "intelligently ascertained" *(Whitaker, supra)* that the damages exceed $75,000 is by an examination of the damages enumerated in the Bill of Particulars. Since this removal is being made within 30 days of receipt of the requisite information upon which to base an intelligent application for removal, it is timely. Case law indicates that such injuries-the alleged spinal injuries, knee injuries, post-traumatic stress disorder and shoulder injuries, present a likelihood that the $75,000 jurisdictional threshold will be met. Plaintiff claims that, as a result of the accident, he suffered permanent and progressive injuries to his cervical and lumbar spine, and knee, **Exhibit "E"**, Plaintiff's Verified Bill of Particulars. Furthermore, this case became removable on August 25, 2022, when Defendants received Plaintiff's Response to Demand for *Ad Damnum* wherein Plaintiff admitted that he is seeking damages in excess of $75,000. (See **Exhibit "D,"** Plaintiff's Response to Discovery Demands).

14. Case law indicates that such injuries, particularly those involving plaintiff's spine, present a likelihood that the $75,000 jurisdictional threshold will be met. For example, in *James v. Gardner,* 4 Civ.1380 (DGT), 2004 WL 262404 (E.D.N.Y. Nov. 10, 2004), plaintiff alleged "severe and permanent personal injuries as a result of [defendant's] negligent driving. " *Id* at 1. As here, the pleadings alleged "permanent injuries", including "a disc herniation, bulging disc, central disc herniation, tear of the supraspinatus, infraspinatus and subscapularis of the right shoulder with Biceps tendon rupture. *Id. Vuksanaj v. Mercaldi*; 201 Verdicts Lexis 30307 (July 19, 2018). $175,000 verdict for supraspinatus muscle/tendon tear of the shoulder injury without

surgery. *Chiara v. Dernago*, 128 A.D. 3d 999, (2015) $160,000 jury verdict for a shoulder injury with "significant limitation" and a $600,000 jury verdict for a 47-year-old man with rotator cuff and labral tears. (*Gontarek v. New York City Transit Auth*ority, 197 A.D.3d 1036 ) 1st Dept. 2021). *Galarza v. Heaney*, 164 N.Y.S. 3d 468, (2022), $1.2 million award for knee injuries for past pain and suffering and future medical expenses.

15. Given the injuries alleged in the Bill of Particulars, **Exhibit "E"**, we respectfully submit the jurisdictional minimum has been met: see, *e.g., Huff V. Rodriguez*, 45 A.D. 3d 1430, 1433-34 (4thd Dept. 2007), upholding damages of $500,000 for past pain and suffering, $3,000,000 for future pain and suffering, and $157,440 for future medical expenses, where plaintiff suffered a spinal injury sustained in an automobile accident; *Thompson v. Toscano*, 2016, NY Slip Op. 32455 (U), and *Buckram v. 322 Equity*, 2020 NY Slip Op. 31350 (U)D.2d 619 (2000), 704 N.Y.S.2d *684*, which upheld damages of $300,000 (or more) for past pain and suffering and $250,00 (or more) for future pain and suffering for a right shoulder injury which consisted of a high grade supraspinatus tendon tear, a tear of the interior inferior labrum, bursitis and impingement and eventually arthroscopic surgery; In *Gontarek v. New York City Transit Authority* 197 A.D. 3d 1036, (1st Dept. 2021), upholding damages of $300,000 for past pain and suffering, $300,000 for future pain and suffering, where plaintiff suffered a right shoulder rotator cuff and labral tears with impingement arthroscopic surgery to repair rotator cuff and labral tears with anchor insertion.

## CONCLUSION

16. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and other documents served in this action are attached to this Notice of Removal. See **Exhibits. "A" through "I"** (Processes, Pleadings and Other Documents).

17. Pursuant to 28 U.S.C. § 1446(d), Defendants, **SILVIA MEJIA-JOHNSON and MARQUEZ TRUCKING, INC** will serve a copy of this Notice of Removal on Plaintiff and will file a copy of this Notice of Removal with the clerk of the State court.

18. By filing this Notice of Removal, Defendants, **SILVIA MEJIA-JOHNSON and MARQUEZ TRUCKING, INC** do not waive any defenses or objections they may have as to service, jurisdiction or venue, or any other defenses or objections they may have to this action. Defendants intend no admission of fact, law or liability by this Notice and expressly reserve all defenses, motions and or pleas.

19. Defendants, **SILVIA MEJIA-JOHNSON and MARQUEZ TRUCKING, INC** reserve their right to amend or supplement this Notice of Removal.

**WHEREFORE**, pursuant to 28 U.S.C. § 1332, 1441 and 1446, JLG hereby removes this action from the Supreme Court of New York, Suffolk County, to the United States District Court, Eastern District of New York.

Dated: Elmsford, New York
September 20, 2022

MARJORIE JULES, ESQ.
Admitted in the USDC for the SDNY
JULESM1@nationwide.com

22-000018 /MJ/Notice of Removal

LAW OFFICE OF BRIAN RAYHILL
Attorneys for Defendants
SILVIA MEJIA-JOHNSON and
MARQUEZ TRUCKING, INC
565 Taxter Road, Suite 110
Elmsford, NY 10523
(914) 409-0153
File No: 22-000018

Sworn to before me this 20th day of
September 20, 2022

*(Signature)*
NOTARY PUBLIC

Ayla M. Davis
Notary Public, State of New York
No. 01DA6209237
Qualified in Westchester County
Commission Expires 07/20/2025